AO 91 (Rev. 08/09) Criminal Complaint　　　　　　　　　　　　　　　　AUSA: A. McMichael

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| STEPHEN H. MORSE | ) | Case No. 13-8352-JMH |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

FILED by _____ D.C.

JUL 2 6 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 25, 2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C Section 922 (g) | Possession of a firearm while being a prohibited person (felon) |

This criminal complaint is based on these facts:

SEE AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

Alan Oxley, Special Agent-ATF
Printed name and title

I find probable cause.

Sworn to before me and signed in my presence.

Date: 7/26/13

_____
Judge's signature

City and state: West Palm Beach, Florida

James M. Hopkins, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT
# OF
# SPECIAL AGENT
# ALAN B. OXLEY
# BUREAU of ALCOHOL, TOBACCO, FIREARMS and EXPLOSIVES

I, Alan B. Oxley, being duly sworn, depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since 1999. Prior to my employment with ATF, I was employed as a federal agent with the United States Border Patrol and a sworn law enforcement officer with the University Georgia Police Department and the Clarke County Sheriff's Office. In total, I have over 24 years of law enforcement experience. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. As a Special Agent, I have received training in federal firearms laws and regulations. In addition, throughout the course of my duties as a Special Agent, I have developed a growing knowledge of such firearms laws and the methods and tactics used by individuals to acquire, transfer, sell, and possess firearms illegally. Currently, I am assigned to the ATF West Palm Beach Field Office and investigate violations of such federal firearms laws and regulations.

2. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from other law enforcement officers who have investigated this matter, or other individuals who have personal knowledge of the facts herein.

3. The information contained in this affidavit is submitted in support of the issuance of an arrest warrant for STEVEN H. MORSE (hereinafter "MORSE"), for possession of a firearm by a prohibited person (convicted felon) in violation of 18 U.S.C. § 922(g). As such, this affidavit does not contain all the information known regarding this investigation, but rather those facts necessary to establish the requisite probable cause.

4. On February 11, 2013, ATF Senior Special Agent Olindo Casa from the Orlando Field Office, received information from a confidential source (hereinafter "CS") that he/she had sold firearms to MORSE between June 2012 and December 2012. The CS stated MORSE had received a "denial" from the Florida Department of Law Enforcement (FDLE) firearms background check, but that he/she had still sold MORSE firearms. The CS was shown a picture of MORSE and the CS made a positive identification of MORSE.

5. During subsequent debriefings of the CS and a second confidential source (hereinafter "CS2") Senior Special Agent Casa learned that the CS and CS2 had transferred/sold numerous Glock pistols to MORSE between June 2012 and December 2012. CS2 further told Senior Special Agent Casa that he/she estimated that he/she and CS had transferred over 10 Glock pistols to MORSE between those dates.

6. On July 9, 2013, at Senior Special Agent Casa's direction, the CS made contact with MORSE via text messaging. During that electronic communication, the CS asked if MORSE was still interested in purchasing firearms from him/her. After discussing prices for Glock model 19 pistols, MORSE told the CS that he wanted to purchase two Glock model 19 pistols from the CS. MORSE told the CS that he was going to Maine on July 11, 2013, and would not be returning until July 17, 2013. The CS and MORSE agreed to meet after MORSE returned from Maine.

7. On July 18, 2013, MORSE contacted the CS via text messaging. During that electronic conversation, MORSE informed the CS that he had returned from Maine and wanted to know if the CS still had the two handguns for sale. The CS told MORSE that he/she still had the two Glock model 19 pistols and MORSE inquired from the CS when they could meet to conduct the transaction. The CS told MORSE that he/she would be traveling to the Miami area

2

in a few days and that he/she could meet with MORSE somewhere near MORSE's residence in Palm Beach County off of the Florida Turnpike. MORSE responded, "Sounds perfect!! I am in Palm Beach Gardens 5 minutes from 95 or turnpike! Lemme know when!!"

8. On July 23, 2013, at ATF's direction, the CS contacted MORSE via text messaging. During that conversation, the CS told MORSE he/she would be heading down to Miami on July 25, 2013, and asked MORSE if he wanted to meet up. MORSE responded "yes" and suggested they meet at the Turnpike Toll Plaza just north of the Lake Worth exit.

9. On July 25, 2013, at approximately 7:00 p.m., the CS with an ATF undercover agent met with MORSE in a parking lot near PGA Avenue and the Turnpike, Palm Beach County, Florida. The meeting was monitored by ATF both visually and via audio. MORSE arrived alone in a red two-door Saturn vehicle. MORSE parked his vehicle and then got into the CS' vehicle. After a brief conversation, the CS sold MORSE two (2) Glock, model 19, nine-millimeter handguns for $800.00 in United States currency. After the transaction, MORSE exited the CS' vehicle and placed the two handguns inside the trunk of his car. MORSE was then arrested on scene without incident. After MORSE was secured, the purchase money was retrieved from the cup holder of the CS' vehicle. It should be noted that Senior Special Agent Casa conducted a pre-operation and post-operation search of the CS and the CS' vehicle.

10. The firearms purchased by MORSE were two (2) Glock, Model 19, nine-millimeter handguns which were provided by ATF and were fully functioning props. ATF Special Agent John Scanlon, a firearms interstate nexus expert, determined that these firearms were not manufactured in the State of Florida and thus have travelled in interstate or foreign commerce.

11. A criminal history check conducted by ATF, determined that MORSE is a convicted felon. More specifically, on September 7, 2000, MORSE was convicted in the Southern District of Florida, in case number: 9:00-CR-8024-RYSKAMP, of Theft of United States mail in violation of 18 U.S.C. § 1709 and Use of Unauthorized Access Device in violation of 18 U.S.C. §1029(a)(2). A computer query of the State of Florida, Office of Executive Clemency report pertaining to MORSE was conducted prior to July 25, 2013. Per the report, no record was found that indicated MORSE's civil rights, including his right to possess firearms, was restored by the State of Florida. Additionally, prior to July 25, 2013, a check was conducted of the Treasury Enforcement Communications System where information pertaining to the restoration of firearms privileges is maintained. Per that search, no record was found that indicated MORSE had his civil rights restored.

12. On July 25, 2013, ATF Senior Special Agent Olindo Casa and I interviewed MORSE. After being informed of his *Miranda* Rights, MORSE agreed to speak with us and ABO admitted that he had purchased the firearms described herein after being convicted of a felony offense in the Southern District of Florida.

FURTHER affiant sayeth naught.

_____
Alan B. Oxley
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

Subscribed and sworn to before
me this 26 day of July, 2013,
in West Palm Beach, Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.  13-8352-JMH

UNITED STATES OF AMERICA

vs.

STEPHEN H. MORSE,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY:    _____
        ADAM McMICHAEL
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No. 772321
        500 S. Australian Avenue, Suite 400
        West Palm Beach, FL 33401-6235
        Tel: (561) 820-8711
        Fax: (561) 820-8777
        Adam.McMichael@usdoj.gov